UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ROTHLIN AND WINDSOR CAPITAL MANAGEMENT, INC. <br><br> and <br><br> PETER SCOTT, <br><br> Defendants. | Case. No. <br><br> **Preliminary Injunction by Consent of the Parties Enjoining the Defendants From Violating the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1 *et. seq.* and Commodity Futures Trading Commission Regulations 17 C.F.R. §§ 1 *et. seq.*** <br><br> AMD-01-2320 |

Plaintiff, Commodity Futures Trading Commission ("Commission"), has filed a complaint for permanent injunction and other relief, and moved pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction. The Court has considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's motion for preliminary injunction, and any opposition thereto. As it appears to the Court that there is good cause to believe that the Defendants have engaged, are engaging in or are about to engage in violations of the Commodity Exchange Act, as amended (the "Act"), 7 U.S.C. §§ 1 *et. seq.*, and the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 1 *et. seq.*, and that this is a proper case for granting a Preliminary Injunction to preserve the status quo, protect public customers from further loss and damage, and enable the Commission to fulfill its statutory duties, the Court orders as follows:




## RELIEF GRANTED

### I.
### *Prohibition From Violations of the Act and Regulations*

**IT IS HEREBY ORDERED** that the Defendants, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of the Defendants, and all persons insofar as they are acting in active concert or participation with the Defendants who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

    A.    in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other persons, where such contract for future delivery was or could be used for (A) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (B) determining the price basis of any transaction in interstate commerce in such commodity, or (C) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof,

        1.    cheating or defrauding or attempting to cheat or defraud other persons;

        2.    willfully making or causing to be made to other persons false reports or statements thereof, or willfully entering or causing to be entered for other persons false records thereof; and

        3.    willfully deceiving or attempting to deceive other persons,

in violation of Section 4b(a)(i), (ii) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i), (ii) and (iii).

    B.    in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, commodity option transactions,

        1.    cheating or defrauding or attempting to cheat or defraud other persons;

        2.    willfully making or causing to be made to other persons false reports or statements thereof, or willfully entering or causing to be entered for other persons false records thereof; and

        3.    willfully deceiving or attempting to deceive other persons,

in violation of Section 4c(b) of the Act, 7 U.S.C. § 6c(b), and Regulation 33.10, 17 C.F.R. § 33.10.

    C.    using the mails or instrumentalities of interstate commerce in or in connection with their business as a commodity pool operator ("CPO") while failing to register with the Commission as a CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1).

    D.    while acting as an associated person of a CPO, failing to register with the Commission as an AP, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

    E.    knowingly allowing an unregistered person to be associated with a CPO, in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2).

    F.    while acting as a CPO, or an associated person of a CPO, employing a device, scheme or artifice to defraud pool participants and prospective pool participants, in violation of Section 4o(1)(A) of the Act, 7 U.S.C. § 6o(1)(A).

    G.    while acting as a CPO, or an associated person of a CPO, engaging in a transaction, practice or course of business which operates as a fraud or deceit upon pool participants and prospective pool participants, in violation of Section 4o(1)(B) of the Act, 7 U.S.C. § 6o(1)(B).

    H.    while acting as a CPO, (1) accepting pool funds in the CPO's own name; and (2) failing to treat the pool as a separate entity, in violation of Regulation 4.20(a) and (b), 17 C.F.R. § 4.20.

    I.    while acting as a CPO, failing to furnish periodic account statements to pool participants, in violation of Section 4n(4) of the Act, 7 U.S.C. § 6n(4), and Section 4.22(a) of the Regulations, 17 C.F.R. § 4.22(a).

    J.    soliciting or accepting funds from prospective and current pool participants; and

    K.    trading commodity futures contracts or options on futures contracts on or subject to the rules of any exchange.

## II.

### *Liquidation of Open Positions*

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business

entity, or person, including without limitation, Alaron Trading Corp., that holds or maintains custody of any account or asset in the name of the Defendants, Rothlin & Windsor Future Fund, and/or Bay Harbor Trading Co. Inc. (the "Affiliated Entities"), shall liquidate all open trade positions and prohibit the defendants and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court.

### III.

### *Asset Freeze*

**IT IS HEREBY ORDERED** that the Defendants, except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

- A.    transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, including assets held in individual, corporate or partnership accounts in which Defendants have an interest, including without limitation the Affiliated Entities, and assets held outside the United States, or as otherwise ordered by the Court;
- B.    opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, the Defendants or any of the Affiliated Entities.

### IV.

### *Maintenance of Business Records*

**IT IS HEREBY ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of Defendants, their agents, attorneys, partners, servants, representatives, employees, attorneys, any person(s) acting or purporting to act for or on their behalf, and corporate and partnership entities in which Defendants have an interest, including the Affiliated Entities.

## V.

### *Power to Appoint a Receiver*

**IT IS FURTHER ORDERED** that the Commission shall have the authority and discretion to appoint a Receiver.

## VI.

### *Force and Effect*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes. The Statutory Restraining Order previously ordered by the Court shall remain in full force and effect until further order of this Court.

**SO ORDERED**, at Baltimore, Maryland on this 8th day of August, 2001, at 4:30 p.m.

_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

AGREED TO THIS 8TH DAY OF AUGUST, 2001:

_____           _____
Peter Scott                                Rothlin & Windsor Capital Management, Inc.

_____           _____
Larry Morton, Esquire                      Steven D. Silverman, Esquire
Trial Bar #02644                           Silverman & Thompson, LLC
Leanna L. Saler, Esquire                   Andrew C. White, Esquire
Jason J. Gizzarelli, Esquire               Law Offices of Andrew C. White, LLC
Commodity Futures Trading Commission       201 North Charles Street
Division of Enforcement                    Suite 2600
1155 21st Street, N.W.                     Baltimore, MD 21201
Washington, D.C. 20581                     (410) 385-2225
(202) 418-5320                             Counsel for Defendants